UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>                      Plaintiff,<br><br>v.<br><br>HOTEL CIRCLE PROPERTY LLC, a Delaware Limited Liability Company doing business as TOWN AND COUNTRY RESORT & CONVENTION CENTER,<br><br>                      Defendant. | Case No.: 15cv2685 JM (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DISMISSING CASE WITH PREJUDICE** |

    The court held an Order to Show Cause (OSC) hearing for why this case should not be dismissed for failure to prosecute. Neither party appeared at the OSC hearing. For the following reasons, this court **RECOMMENDS** that this case be **DISMISSED with prejudice**.

/ / /

/ / /

/ / /

/ / /

1

**Factual Background.**

Plaintiff Theresa Brooke filed this action against the Town and Country Resort and Convention Center on December 15, 2016.  She alleges that on November 20, 2015, she contacted the Town and Country to book a room.  Compl. ¶ 24.  Brooke, a disabled person confined to a wheelchair, asked whether the hotel pool or jacuzzi had a pool lift or other means of access for disabled persons.  Compl. ¶¶ 4, 24.  The Town and Country representative said that they did not have any lifts for disabled access for the pool or jacuzzi.  Compl. ¶ 24.  Brooke alleges she was deterred from visiting this hotel because of the accessibility barrier.  Compl. ¶ 26.

On February 19, 2016 Brooke requested that the clerk enter default against the Town and Country.  Dkt. No. 6.  The Clerk entered default on February 22, 2016.  Dkt. No. 7.  On April 18, 2016—before the Town and Country formally appeared in this case—Brooke filed a notice of settlement, stating, "NOTICE IS HEREBY GIVEN that the parties in the above-captioned matter have reached a resolution to this cause of action.  The parties anticipate memorializing settlement papers in the coming weeks and filing a dismissal."  Dkt. No. 8.

The next day the court set a telephonic Settlement Disposition Conference for June 3, 2016 and directed that counsel for both parties participate.  Dkt. No. 9.  Peter Strojnik appeared for Brooke and Robert Gallagher appeared for the Town and Country.  Dkt. No. 10.  The court's notes reflect that the parties remained agreeable to settle but for various reasons needed more time to execute the settlement.  The court set up a follow-up conference for June 24, 2016.

At the June 24 conference, only Peter Strojnik appeared.  Both Mr. Strojnik and the court tried to contact Mr. Gallagher but neither could reach him.  The court then set an in-person Settlement Disposition Conference for July 21, 2016 but noted that it would vacate the conference if the parties filed dismissal papers or if Brooke filed a motion for default judgment before that time.  Dkt. No. 11.

///

No dismissal papers or motion for default judgment were filed by the July 21 deadline. The court then noted that no conference was held because neither party appeared for the July 21 Settlement Disposition Conference. Dkt. No. 12. Because no party appeared, the court set the September 8, 2016 OSC for failure to appear. It also gave the parties the opportunity to avoid having the OSC if they filed dismissal papers or a motion for default judgment, and warned Brooke that if no papers were filed the court would recommend to the district judge that this case be dismissed with prejudice. The OSC came on for hearing on September 8, 2016, and no attorney or party appeared.[1]

**Discussion.**

Five factors determine whether a court should dismiss a claim for either failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Further, "a dismissal for lack of prosecution must be supported by a showing of unreasonable delay, which creates a presumption that the defendants have been injured." *Prime Healthcare Services, Inc. v. Service Employees Int'l Union*, 2013 WL 6500069, *1 (S.D. Cal. Dec. 11, 2013) (internal quotations omitted).

As to the first factor, the public has an interest in expeditiously resolving litigation, which weighs in favor of dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, Brooke's noncompliance with orders to either appear in court or file a motion for default judgment have "caused this case to languish on the Court's docket" for five months, which also affects the court's ability to manage its docket. *See Prime Healthcare*, 2013

---

[1] Because no attorney has formally appeared for Town and Country the court has not sent notice of any of its orders to that party. But Brooke's attorney previously sent notice of other court orders to the Town and Country' attorney.

WL 6500069, *2 (finding that the case's "languishing" on the docket for over two months was sufficient to find that the first two factors favored dismissal).

As to the third factor, "[t]o prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). But where there is unnecessary delay there is a presumption of injury to the defendant. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Here, there has been an unreasonable delay in that Brooke notified the court that this case settled nearly five months ago. She was given four opportunities to file either dismissal papers or a motion for default judgment but never filed anything. She failed to appear at the last two court-ordered hearings. While it appeared at the first two conferences that settlement finalization was ongoing, Brooke never informed the court—by either a motion to continue or a motion for default judgment—of the status of her negotiations with the Town and Country. This unreasonable delay and failure to communicate presumes an injury to the defense. *See Prime Healthcare*, 2013 WL 6500069, *3 (finding unreasonable delay and prejudice to defendants where "Plaintiff fail[ed] to communicate Plaintiff's intentions to this Court by formal notice or motion for extension of time").

The Ninth Circuit created a three-part analysis to determine whether a district court properly determined that no less harsh sanction than dismissal is appropriate. The factors include: (1) whether the court discussed the feasibility of less drastic sanctions and why those sanctions would be inappropriate; (2) whether the court previously implemented alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412-13 (9th Cir. 1990) (citing *Malone*, 833 F.2d at 130). Here, the court could not propose any less drastic sanctions because no party appeared at the last two hearings or filed anything in response to the OSC. Further, even when the court warned Brooke that it would recommend that this case be dismissed with prejudice, Brooke never filed any sort of response. Given

that the three other factors thus far weigh in favor of dismissal, Brooke never objected to a recommendation of dismissal with prejudice, and that a dismissal without prejudice would cause continued uncertainty for the Town and Country, the court finds that dismissal with prejudice is the appropriate recommendation.

Finally, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  This factor does not weigh in favor of dismissal with prejudice.

**Order.**

This court **RECOMMENDS** that the district judge **DISMISS** this case **with prejudice** for failure to prosecute.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **September 28, 2016**, any party to this action may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **October 5, 2016**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 14, 2016

Hon. Nita L. Stormes
United States Magistrate Judge